**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT JACOBSEN, et al.,

    Plaintiffs,

v.

CITI MORTGAGE INC. (NJ), et al.,

    Defendants.

Civil Action No. 17-1555 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on four motions filed by pro se Plaintiffs Robert Jacobsen and Carol Jacobsen (collectively, "Plaintiffs"). The first motion is Plaintiffs' Motion for Summary Judgment. (ECF No. 6.) The second and third motions are Plaintiffs' two Motions to Stay Sheriff's Sale and Foreclosure and for other miscellaneous relief. (ECF No. 7, 11.) The fourth motion is Plaintiffs' Motion to Stay Judge Shipp's Order and for other miscellaneous relief. (ECF No. 8.) Defendants Citi Mortgage Inc. (NJ), Citi Inc. (NJ), Citi Mortgage (NJ), Citi Mortgage (Arizona) (collectively, "Citi Mortgage") filed a Motion to Dismiss and Opposition to Plaintiffs' Motions.[1] (ECF No. 12.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiffs' Motions are DENIED.

---

[1] The Court will address Citi Mortgage's Motion to Dismiss in a separate Memorandum Opinion.

## I. Procedural History

Plaintiffs brought the instant action on March 7, 2017, but failure to pay the filing fee delayed filing of the Complaint until March 28, 2017. (ECF Nos. 1, 2, 3.) The Complaint relates to property located at 49 Bay Way, Brick, New Jersey. (Compl. 3, ECF No. 1.) According to the Complaint, "Citi Mortgage utilized laches [and] dilatory practices to avoid re-financing both mortgages with [Plaintiffs]." (*Id.* at 3.) Additionally, Plaintiffs alleged that they "submitted over [four hundred] pages of documents over the ten month span in 2013, to no avail." (*Id.*) The Complaint otherwise references Plaintiffs' other actions filed in the District Court related to insurance recovery for damages sustained by Plaintiffs' properties during Superstorm Sandy and Hurricane Irene. (*Id.*) The relief Plaintiffs seek in their Complaint is an order to (verbatim) "stop the foreclosure [of Plaintiffs' property] until the Federal district Court in Mercer County rules [on Plaintiffs' other cases], then allow [the] Jacobsens to rebuild on other." (*Id.* at 4.)

## II. Discussion

### A. Plaintiffs' Motion for Summary Judgment

Approximately two weeks after filing the Complaint (ECF No. 4), Plaintiffs filed the pending Motion for Summary Judgment. (Pls.' Summ. J. Mot., ECF No. 6.) Plaintiffs' Motion for Summary Judgment consists of a one-page document followed by seven pages of attachments. (*See id.*) Plaintiffs' submission is largely incomprehensible and appears to pertain to certain "losses" Plaintiffs sustained, consisting of an initial $263,000 down payment on their home, mortgage interest in the amounts of $41,525 and $52,800, home insurance payments and "lost escrow and income" in unstated amounts, and personal items amounting to $48,000 for some unstated reason. (*Id.* at 1.) Additionally, Plaintiffs state that the recovery they would obtain from their lawsuits related to Superstorm Sandy and Hurricane Irene would reduce the damages they

have suffered. (*Id.*) Plaintiffs further argue that the "Citi Mortgage staff ha[ve] been extremely uncooperative and have used delay tactics and unfaithful negotiations." (*Id.*) Finally, Plaintiffs note that they have attached documents reflecting "unrealistic charges and fees." (*Id.*)

The Court finds Plaintiffs' Motion for Summary Judgment premature. Citi Mortgage's Motion to Dismiss remains pending before the Court and pretrial discovery has not been completed. *See Otsuka Pharm. Co., Ltd. v. Sandoz Inc.*, No. 15-1716, 2015 WL 7888710, at *1 (D.N.J. Sept. 9, 2015). Accordingly, the Court denies' Plaintiffs' Motion for Summary Judgment.

### B. Plaintiffs' Two Motions to Stay Sheriff's Sale

Plaintiffs' remaining motions are similarly incomprehensible, vague, and completely lack explanations for the relief Plaintiffs seek. (*See* ECF Nos. 8, 7, 11.) Each of the remaining motions consists of approximately a third of a page of text, accompanied by a few pages of attachments consisting of prior court filings. (*See* ECF Nos. 8, 7, 11.) Specifically as to Plaintiffs' Motions to Stay Sheriff's Sale, Plaintiffs' only explanation is that they have not been properly informed of a pending sheriff's sale, presumably with regard to their mortgaged property. (ECF No. 7.)

Although Plaintiffs have failed to file an application for temporary restraints ("TRO") or a preliminary injunction, the Court applies the preliminary injunction standards in light of Plaintiffs' insistence that time is of the essence. "The Supreme Court [has] held that [a] [TRO] should be treated as a preliminary injunction." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997). Because the grant of injunctive relief is "an extraordinary remedy[,]" a temporary restraining order "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). This remedy "should be granted only if '(1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and

(4) granting the injunction is in the public interest.'" *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) (quoting *Maldonado v. Houstoun*, 157 F.3d 179, 184 (3d Cir. 1998)). The Third Circuit has further instructed that a party seeking a TRO must meet all four factors, because "[a] [movant's] failure to establish any element in its favor renders [this remedy] inappropriate." *Id.* A movant has the burden of establishing a "clear showing of immediate irreparable injury." *Louis v. Bledsoe*, 438 F. App'x 129, 131 (3d Cir. 2011) (citation omitted). Moreover, "[e]stablishing a risk of irreparable harm is not enough." *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987).

Here, Plaintiffs have failed to make a showing of their likelihood of success on the merits. Plaintiffs merely request relief without any attempt to explain their entitlement to that relief. *See Batista v. Countrywide Home Loans, Inc.*, No. 15-4522, 2015 WL 4022080, at *1-2 (D.N.J. June 29, 2015) (denying preliminary injunction where pro se plaintiffs challenged mortgage and foreclosure due to failure to make a showing of likelihood of success on the merits); *see also Nest v. Nationstar Mortg., LLC*, No. 16-4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) ("The Third Circuit has specifically held that the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision.") (citations omitted). Additionally, Plaintiffs have failed to articulate an irreparable injury. In fact, to the contrary, Plaintiffs' Complaint states that all of their alleged injuries are "financial [and] stress related," neither of which constitute irreparable injury absent any other allegations. (*See* Compl. at 4.) Accordingly, the Court denies Plaintiffs' Motions to Stay Sheriff's Sale.

### C. Plaintiffs' Motion to Stay Judge Shipp's Orders; Plaintiffs' Miscellaneous Requests for Relief

Plaintiffs seek an order staying the Court's orders of March 31, 2017 in Plaintiffs' other cases in this District. (ECF No. 8.) Plaintiffs also seek other forms of relief that they mention

throughout their various submissions. (ECF Nos. 8, 11.) Specifically, Plaintiffs seek an order: (1) granting a jury trial in all of Plaintiffs' cases; (2) granting relief regarding mailing of court filings; (3) changing the venue of the instant action to Camden; and (4) staying the instant action before the Court. Plaintiffs have failed to even attempt to substantiate any of these requests. Plaintiffs merely request various forms of relief without explanation. Accordingly, the Court denies Plaintiffs' Motion to Stay Judge Shipp's Orders and Plaintiffs' miscellaneous requests for other relief.

### III. Conclusion

For the reasons set forth above, the Court DENIES Plaintiffs' Motions. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: May 8th, 2017