**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT JACOBSEN, et al.,

    Plaintiffs,

v.

CITI MORTGAGE INC. (NJ), et al.,

    Defendants.

Civil Action No. 17-1555 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Plaintiffs Robert and Carol Jacobsen's (collectively, "Plaintiffs") Motions for Recusal. (ECF No. 27, 29.) Defendant CitiMortgage, Inc. ("Defendant") filed opposition. (ECF No. 37.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiffs' Motions for Recusal are DENIED.

**I.    Legal Standard**

    In considering a motion for recusal, a district court judge is governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. *See United States v. Nobel*, 696 F.2d 231, 235 n.7 (3d Cir. 1982) (describing the two statutes as "overlapping provisions" that provide the grounds for disqualification). Section 144 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

"The mere filing of an affidavit of bias pursuant to 28 U.S.C. [§] 144 does not require a trial judge to disqualify himself from a particular case." *United States v. Dansker*, 537 F.2d 40, 53 (3d Cir. 1976) (citation omitted). "Indeed, if the affidavit submitted is legally insufficient to compel his disqualification, the judge . . . need only recuse himself if he determines that the facts alleged in the affidavit, taken as true, are such that they would convince a reasonable man that he harbored a personal, as opposed to a judicial, bias against the movant." *Id.* (citation omitted).

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A judge must also disqualify himself "[w]here he has a personal bias or prejudice concerning a party." § 455(b)(1). "Because [Section] 455(a) is intended to promote not only fairness to the litigants but also public confidence in the judiciary, a party seeking recusal need not demonstrate that the judge is actually biased, but rather that he would appear to be biased to 'a reasonable person, with knowledge of all the facts.'" *United States v. Jacobs*, 311 F. App'x 535, 537 (3d Cir. 2008) (citation omitted). "A recusal motion must be based on 'objective facts,' not mere 'possibilities' and 'unsubstantiated allegations.'" *Id.* (quoting *United States v. Martorano*, 866 F.2d 62, 68 (3d Cir. 1989)).

II. <u>Discussion</u>

First, the Court "must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings." *Conklin v. Warrington Twp.*, 476

2

F. Supp. 2d 458, 463 (M.D. Pa. 2007). To ensure that motions for recusal are not being used purely to avoid adverse outcomes, Section 144 requires recusal motions to be "timely." 28 U.S.C. § 144. "[A] party's disappointment with what the party anticipates may be the court's rulings cannot form the basis for recusal." *Lease v. Fishel*, 712 F. Supp. 2d 359, 373 (M.D. Pa. 2010); *see Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 278 (3d Cir. 2000) ("[A] party's displeasure with legal rulings does not form an adequate basis for recusal."). Rather, "Subsections 455(a) and (b)(1) require the source of bias to be extrajudicial, that is stemming from a source outside of the proceeding, or of such an intensity as to make a fair trial impossible." *Lease*, 712 F. Supp. 2d at 373.

The Court notes that Plaintiffs have not filed an affidavit comporting with 28 U.S.C. § 144. Accordingly, Plaintiffs' Motions must be denied. Moreover, even if the Court were to consider Plaintiffs' submissions to constitute the requisite affidavit, Plaintiffs' submissions are not timely. *See* § 144. Plaintiff's Motions for Recusal are identical to six other motions for recusal filed in Plaintiffs' other cases before the Undersigned.[1] (Docket No. 14-3094, ECF Nos. 142, 144; Docket No. 13-6910, ECF Nos. 139, 141; Docket No. 13-7160, ECF Nos. 148, 150.)

Those other cases were each assigned to the Undersigned between 2013 and 2015. (*See* Docket No. 14-3094, ECF No. 11 (assigning case to the Undersigned); Docket No. 13-6910 (assigned to the Undersigned upon filing); Docket No. 13-7160, ECF No. 74 (assigning case to the Undersigned).) Rather than seeking recusal, Plaintiffs actively sought relief from the Court by filing motions for summary judgment. (*See* Docket No. 14-3094, ECF No. 99; Docket No. 13-

---

[1] Plaintiffs originally brought the three causes of action in the New Jersey Superior Court. (Docket Nos. L-2077-13, L-2059-13, L-2932-13.) Hartford-Flood removed to this Court, and upon removal, the Honorable Tonianne Bongiovanni, U.S.M.J., ordered the three cases to be consolidated for discovery purposes. (Docket No. 14-3094, ECF No. 9.)

6910, ECF No. 97; Docket No. 13-7160, ECF No. 110.) Only after the Court denied Plaintiffs' summary judgment motions on March 31, 2017 (Docket No. 14-3094, ECF No. 128), did Plaintiffs then move for recusal in the instant matter in June 2017. (*See* ECF Nos. 27, 29.) Moreover, the Complaint was received on March, 7 2017 and filed on March 28, 2017, and Plaintiffs moved for summary judgment prior to filing the instant Motions for Recusal. (*See* ECF Nos. 1, 17.) Plaintiffs' untimely submissions in light of unfavorable rulings demonstrate that Plaintiffs' Motions for Recusal merely arise out of Plaintiffs' dissatisfaction with the Court's rulings in related cases. Further, Plaintiffs' submissions do not appear to make any arguments concerning the Court's bias, but rather merely set forth reasons why Plaintiffs believe the Court's decisions in Plaintiffs' other cases were incorrect on the merits. (*See generally* Docket No. 14-3094, ECF Nos. 142, 144; Docket No. 13-6910, ECF Nos. 139, 141; Docket No. 13-7160, ECF Nos. 148, 150.) For these reasons, Plaintiffs' Motions for Recusal must be denied.

### III. Conclusion

For the reasons set forth above, the Court DENIES Plaintiffs' Motions for Recusal. An order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: September 5, 2017

4