NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT JACOBSEN, et al.,

    Plaintiffs,

v.

CITI MORTGAGE INC. (NJ), et al.,

    Defendants.

Civil Action No. 17-1555 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Defendant CitiMortgage, Inc.'s[1] ("CMI") Motion to Dismiss pro se Plaintiffs Robert Jacobsen and Carol Jacobsen's (collectively, "Plaintiffs") Complaint. (ECF No. 12.) Plaintiffs did not file opposition. In addition, Plaintiffs filed two Motions for Summary Judgment (ECF Nos. 17, 38), and CMI filed opposition (ECF No. 19). The Court has carefully considered the relevant submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, CMI's Motion to Dismiss is GRANTED with prejudice and Plaintiffs' Motions for Summary Judgment are DENIED as moot.

**I.    Background**

    Plaintiffs brought the instant action on March 7, 2017, but failure to pay the filing fee delayed filing of the Complaint until March 28, 2017. (ECF Nos. 1, 2, 3.) The Complaint relates

---

[1] CMI is improperly pled as: "Citi Mortgage Inc. (NJ)"; "Citi Inc. (NJ)"; Citi Mortgage (NJ); and "Citi Mortgage (Arizona)." (CMI's Mot. 1, ECF No. 12.)

to property located at 49 Bay Way, Brick, New Jersey. (Compl. 3, ECF No. 1.) According to the Complaint, "Citi Mortgage utilized laches [and] dilatory practices to avoid re-financing both mortgages with [Plaintiffs]." (*Id.* at 3.) Additionally, Plaintiffs alleged that they "submitted over [four hundred] pages of documents over the ten month span in 2013, to no avail." (*Id.*) The Complaint otherwise references Plaintiffs' other actions filed in the District Court related to insurance recovery for damages sustained by Plaintiffs' properties during Superstorm Sandy and Hurricane Irene. (*Id.*) Plaintiffs seek an order to "stop the foreclosure [of Plaintiffs' property] until the Federal District Court in Mercer County rules [on Plaintiffs' other cases], then allow [the] Jacobsens to rebuild on other [sic]." (*Id.* at 4.)

## II. <u>Legal Standard</u>

A motion to dismiss pursuant to Rule 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering a facial challenge construes the allegations in the complaint as true, and determines whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891.

## III. Discussion

### A. CMI's Motion to Dismiss

Upon reviewing the Complaint, the Court finds that the *Rooker-Feldman* doctrine applies. "The Third Circuit has specifically held that the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision." *Nest v. Nationstar Mortg., LLC*, No. 16-4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) (citations omitted). Here, the relief Plaintiffs seek is an order to "stop the foreclosure of [their] property." (Compl. at 4.) As Plaintiffs' action seeks to invalidate the underlying state court foreclosure decision, the Court grants CMI's Motions to Dismiss pursuant to the *Rooker-Feldman* doctrine and dismisses Plaintiffs' Complaint in its entirety for lack of subject matter jurisdiction.

Additionally, "the Court finds that amendment would be futile because Plaintiff[s] lack[] standing to assert any claims not otherwise barred by [the] *Rooker-Feldman* [doctrine]." *Martinez v. Bank of Am., N.A.*, No. 15-8926, 2016 WL 1135441, at *5 (D.N.J. Mar. 22, 2016). Accordingly, the Court dismisses the Complaint with prejudice.

### B. Plaintiffs' Motions for Summary Judgment

Plaintiffs prematurely filed two Motions for Summary Judgment while CMI's Motion to Dismiss was pending. In light of the Court's disposition with respect to CMI's Motion to Dismiss, the Court hereby denies Plaintiffs' Motions for Summary Judgment as moot.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS CMI's Motion to Dismiss with prejudice and DENIES Plaintiffs' Motions for Summary Judgment. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: September 5th, 2017